# EXHIBIT C



North America   Europe   Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**JOHN R. MCNAIR**
(312) 558-3225
jmcnair@winston.com

October 10, 2018

<u>**VIA EMAIL**</u>

Sanya Sukduang (sanya.sukduang@finnegan.com)
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

   Re:  *Biogen International GmbH, et al. v. Amneal Pharmaceuticals LLC et al.*, Case No.
      **1:17-cv-00823-LPS (D. Del.) (Consolidated)**

Dear Sanya:

   We write in response to your October 5 letter (hereinafter "Letter") regarding the coordination of depositions between the consolidated action in Delaware and Biogen's litigation against Mylan in West Virginia. While we are amenable to coordination of depositions to include Mylan on mutually agreeable terms, we cannot agree to Biogen's unilateral mandate that depositions begin less than a month from now, starting with an inventor deposition on November 6-7.[1]

   This is quite simply a surprise. The close of fact discovery in the consolidated action is nearly six months away on March 29, 2019, Defendants have yet to notice any depositions, and the parties have only substantially completed document production as of September 28. We are unaware of the basis for your assertion that Biogen has previously "noted to the parties and the Courts" that "Biogen believes coordination of depositions" with Mylan is appropriate. (Letter at 1.) When did Biogen inform consolidated Defendants and the Delaware Court of that possibility? If Biogen's intention was to coordinate depositions with the West Virginia case, that issue should have been raised from the outset in connection with the Scheduling Order (D.I. 22 at 10-13) so the parties could plan accordingly, and certainly more than one month before Biogen would unilaterally require us to take depositions. At the time we were negotiating the scheduling order in the consolidated action, Biogen was well aware that fact discovery was to be complete in West Virginia by October 1, 2018, yet Biogen complained of the "compressed schedule" we proposed, (D.I. 17 at 8), and fought for a discovery schedule that was markedly different, with fact discovery closing more than a year after the close of fact discovery in the West Virginia case. (*id.* at 12.) There was never any intention that discovery in the consolidated action was to coincide with the West Virginia case, and Biogen never indicated otherwise until this past Friday.

   Beyond Biogen's inadequate notice, if it was Biogen's intention to coordinate depositions with the Mylan action in November, Biogen should have been more forthcoming in satisfying its discovery

---

[1] Since Biogen's Letter was sent, Biogen has advised that a second inventor will be made available a week later on November 15, 2018.



obligations, including the production of materials requested from the West Virginia litigation. Despite our repeated requests for the timely production of documents and responses to written discovery (*See e.g.*, 6/18 Holub Letter; 6/29 Ferenc email; 7/12 Ferenc email), Biogen responded that "[d]iscovery in this consolidated action is in its early stages," (6/26 Renison letter), and did not even begin making its rolling productions until July 27, producing nearly a million pages of documents to Defendants between that date and the deadline for substantial completion on September 28. In addition, Biogen has responded to Defendants interrogatories 1-11, 13-14 stating that it "will produce [unspecified] documents pursuant to Fed. R. Civ. P. 33(d)." We have told Biogen this is an improper use of Rule 33(d), (*see e.g.,* 6/18 Holub Letter), which makes clear Biogen's reference to a "mass of [unspecified] business records" is an "abuse" of 33(d), and which requires the responding party "to specify, by category and location, the records from which answers to interrogatories can be derived." (FRCP 33(d) committee notes.) Biogen elected to delay, responding that it "will supplement its responses to Defendants' interrogatories in light of its anticipated production of documents," (6/26 Renison letter), but has yet to do so for Interrogatories 1-7, 13-14. Biogen needs to supplement its interrogatory responses immediately to provide full and complete responses based on its now purportedly substantially complete document production before Defendants can be in a position to schedule depositions.

Given the current status of discovery in the consolidated action is only a week and a half removed from the substantial completion of document production deadline, Defendants at present are in the process of reviewing Biogen's almost one-million-page production to digest relevant documents and ensure that Biogen has produced the documents we requested. We cannot reasonably be expected to take an inventor deposition in less than a month, and object to Biogen's attempt to force us to do so.

Defendants in the consolidated action are willing to coordinate depositions of witnesses that would include Mylan no earlier than January 2019. However, if Mylan deposes witnesses before January 2019 and Biogen refuses to make them separately available to Defendants in the consolidated action at a later time, Biogen will need to bring this discovery issue to the attention of Judge Stark pursuant to section 8(i) of the scheduling order. (D.I. 22.) We look forward to a quick response.

Please let us know if you have any questions.

Best regards,

John R. McNair