**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| BIOGEN INTERNATIONAL GMBH and BIOGEN MA INC., ) ) ) | |
| Plaintiffs, ) | Civil Action No. 1:17-cv-116-IMK |
| v. ) | |
| MYLAN PHARMACEUTICALS INC., ) | |
| Defendant. ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

On October 28, 2019, Mylan filed a Notice of Supplemental Authority, ECF No. 292, in this Court arguing that the non-binding Memorandum Order issued in the District of Delaware case *Baxalta Inc. v. Bayer Healthcare LLC*, No. 17-cv-1316-RGA-SRF (D. Del.), ECF No. 292-1, "informs the issues raised in Mylan's objections." ECF No. 292 at 1. Biogen files this Response to counter Mylan's argument and explain that the *Baxalta* Order should have no impact on this Court's determination because it is not applicable to the facts or issues in Mylan's *Objection to the Order Denying Defendant's Motion for Relief from Stipulated Protective Order as to Certain Documents*. ECF No. 280.

First, the alleged supplemental authority is inapposite because the *Baxalta* Magistrate found the "plaintiffs have satisfied their burden of showing good cause" to modify the protective order. ECF No. 292 at 2. Here, Magistrate Judge Mazzone found the opposite, holding Mylan failed to meet its burden of proving that the documents should be de-designated because the documents, even with Mylan's proposed redactions, contained Confidential and Highly Confidential information as defined by the Stipulated Protective Order. *Order Denying*

1

*Defendant's Motion [243] for Relief from Stipulated Protective Order as to Certain Documents*, ECF No. 277 at 7-9.

Second, *Baxalta* is inapplicable because the *Baxalta* plaintiffs did not request that the court de-designate documents. Instead, the plaintiffs requested a modification of the protective order to produce a specific document that was "highly relevant" to the IPR. ECF No. 292 at 2. Unlike *Baxalta*, Mylan requests that this Court de-designate documents and allow Mylan to publicly disclose these documents under the current Stipulated Protective Order ("SPO"). *Baxalta* does not address de-designation or Mylan's argument that the Magistrate Judge clearly erred in his factual analysis of the challenged documents, finding that these documents were properly designated. ECF No. 280 at 6-10. Because the non-binding *Baxalta* Order presents an entirely different set of facts and issues to those in Mylan's Objection, this Court should give no weight to *Baxalta* and uphold the Magistrate Judge's Order finding that the challenged documents are properly designated under the SPO.

DATED:  11/04/2019                        Respectfully submitted,

                                          */s/ James F. Companion*
                                          James F. Companion (#790)
                                          Sandra K. Law (#6071)
                                          Schrader Companion Duff & Law, PLLC
                                          401 Main Street
                                          Wheeling, WV 26003
                                          Phone: (304) 233-3390
                                          Fax: (304) 233-2769
                                          *jfc@schraderlaw.com*
                                          *skl@schraderlaw.com*
                                          *Attorneys for Plaintiffs*
                                          *Biogen International GmbH*
                                          *and Biogen MA Inc.*

Of Counsel:

James B. Monroe
Sanya Sukduang
Paul W. Browning
Laura M. Masurovsky
Eric J. Fues
Li Feng
Andrew E. Renison
Aaron G. Clay
Jeanette M. Roorda
John E. Nappi
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 4, 2019, I caused a true and correct copy of the foregoing

PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following counsel of record:

Gordon H. Copland, Esq.
Gordon.Copland@steptoe-johnson.com
William J. O'Brien, Esq.
William.Obrien@steptoe-johnson.com
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330

Shannon M. Bloodworth
sbloodworth@perkinscoie.com
Brandon M. White
bmwhite@perkinscoie.com
Michael A. Chajon
mchajon@perkinscoie.com
Perkins Coie LLP
700 13th Street NW
Suite 600
Washington, DC 20005

Courtney M. Prochnow
cprochnow@perkinscoie.com
Perkins Coie LLP
1888 Century Park, East
Suite 1700
Los Angeles, CA 90067

David L. Anstaett
danstaett@perkinscoie.com
Emily J. Greb
egreb@perkinscoie.com
Perkins Coie LLP
1 East Main Street, Suite 201
Madison, WI 53703

*Counsel for Defendant Mylan Pharmaceuticals Inc.*

*/s/  James F. Companion*
James F. Companion (#790)
Sandra K. Law (#6071)
Schrader Companion Duff & Law, PLLC
401 Main Street
Wheeling, WV 26003
Phone: (304) 233-3390
Fax: (304) 233-2769
jfc@schraderlaw.com
skl@schraderlaw.com
*Attorneys for Plaintiffs*
*Biogen International GmbH*
*and Biogen MA Inc.*

Of Counsel:

James B. Monroe
Sanya Sukduang
Paul W. Browning
Laura M. Masurovsky
Eric J. Fues
Li Feng
Andrew E. Renison
Aaron G. Clay
Jeanette M. Roorda
John E. Nappi
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

5